KEVIN HOLMES, Plaintiff-Appellee, v. AURORA POLICE PENSION FUND BOARD OF TRUSTEES *et al.*, Defendants-Appellants.

Second District   No. 2—90—1432

Opinion filed August 9, 1991.

Charles H. Atwell, Jr., of Atwell & Atwell, of Aurora, for appellants.

Claudia Oney and Mark Rivera, both of Claudia Oney, P.C., of Chicago, for appellee.

Puchalski, Keenan & Reimer, of Chicago, and Richard J. Reimer, of Illinois Police Pension Fund Association, of Des Plaines, for *amicus curiae*.

JUSTICE INGLIS delivered the opinion of the court:

Plaintiff, Kevin Holmes, an Aurora police officer, filed a complaint in May 1988 for administrative review of a decision by defendant, the Aurora Police Pension Fund Board of Trustees (Pension Board or Board), denying his application for participation in the pension fund. The Pension Board denied plaintiff's application in July 1985 because plaintiff is a diabetic and also denied his request for a hearing on a subsequent application in April 1988 on the ground that the issue had already been decided.

The Pension Board responded to plaintiff's complaint for administrative review by filing a motion to strike and dismiss plaintiff's complaint, arguing that plaintiff had failed to file his complaint for administrative review within the statutory 35-day period from the receipt of notice denying his original application. (Ill. Rev. Stat. 1987, ch. 110, par. 3—103.) The trial court denied defendant's motion on September 12, 1989. Defendant's application for leave to appeal that sole issue pursuant to Supreme Court Rule 308 (134 Ill. 2d R. 308) was denied by this court on December 14, 1989. A trial on the merits took place on November 26, 1990, after which the trial judge ordered the Pension Board to accept plaintiff as a member of the pension fund. The Board made a timely appeal and alleges two errors at trial. First, defendant argues that the trial court erred in denying defendant's motion to dismiss. Defendant contends that administrative review was barred because plaintiff failed to file his complaint within the proper time period. Alternatively, defendant argues that the trial court erred in ordering defendant to accept plaintiff as a member of the fund. We reach only the first issue raised and vacate the judgment of the trial court on that basis.

The Aurora Civil Service Commission (Commission) maintains a police officer eligibility list and appoints police officers from the list.

The Pension Board admits or rejects applicants seeking membership in the Police Pension Fund. The two agencies operate independently.

On July 10, 1984, plaintiff filed an application with the Pension Board for admission into the Aurora Police Pension Fund. The application was apparently also sent to the Commission. At a meeting on August 16, 1984, the Commission unanimously voted to strike plaintiff's name from the eligibility list of police officers after reviewing medical reports that plaintiff had submitted. Thereafter on August 23, 1984, the Pension Board denied plaintiff's application because the medical reports revealed plaintiff to be an insulin-dependent diabetic.

On February 14, 1985, plaintiff submitted a second application to the Pension Board. The application was also apparently sent to the Commission. While that second application was pending before the Pension Board, the Commission reinstated plaintiff onto the police officer eligibility list and subsequently hired plaintiff as an Aurora police officer on April 1, 1985. On March 25, 1985, prior to being hired, plaintiff signed a statement prepared by the city which stated as follows:

"This will acknowledge that I have been duly advised that my employment as an Aurora police officer is contingent upon being found physically and mentally fit to perform the duties of a police officer and that final determination of my fitness has not yet been made by the Aurora Police Pension Board."

On July 2, 1985, the Pension Board denied plaintiff's February 1985 application for membership in the pension fund. The Board sent a letter by certified mail to plaintiff dated July 11, 1985, which reads as follows:

"Dear Mr. Holmes:

Your application for membership to the Aurora Police Pension Fund was unanimously denied by the Board of Trustees at the July 2, 1985 meeting.

Should you have any questions on this matter, please do not hesitate to contact me.

Respectfully,

/s/ William Messmer
President
Board of Trustees
Police Pension Fund"

Plaintiff received the above letter on July 13, 1985. The record is silent as to how plaintiff proceeded, if at all, after he received the

above letter until March 1988. Plaintiff retained his position as an Aurora police officer during this period, although he was not a member of the pension fund. On March 31, 1988, plaintiff's attorney delivered a letter to the Pension Board requesting a hearing on plaintiff's application to participate in the pension fund. The Pension Board denied plaintiff's request for a hearing on his application in a letter to plaintiff's attorney dated April 4, 1988. In the April 4 letter, the Board stated that "no further action is required" by the Pension Board because the application had previously been acted on, presumably referring to the Board's July 2, 1985, denial of plaintiff's application.

Plaintiff filed his complaint for administrative review on May 6, 1988, seeking to compel the Pension Board to grant plaintiff a hearing on his application for admission into the pension fund. Defendant responded with a motion to strike and dismiss plaintiff's complaint, arguing that plaintiff's March 31, 1988, letter to the Board was in essence a request for a rehearing on an issue previously decided in July 1985 by the Board. Defendant argued that the trial court was without jurisdiction properly to hear the cause because plaintiff failed to seek judicial review of the Board's July 2, 1985, action within 35 days of receiving notice as required by section 3—103 of the Administrative Review Law (Ill. Rev. Stat. 1987, ch. 110, par. 3—103). Plaintiff filed a response to defendant's motion and amended his complaint, arguing that the Pension Board's failure to advise plaintiff in its July 11, 1985, letter that he had 35 days to file a complaint for administrative review was a denial of plaintiff's constitutional guarantee of due process of law.

The trial judge entered an order on September 12, 1989, denying defendant's motion to strike and dismiss plaintiff's complaint. In a written letter opinion the trial judge initially found that the July 11, 1985, notice was "fatally defective" because the letter was not sent by "certified or registered mail or by personal service as required by Statute. (Ill. Rev. Stat. 1985, ch. 127, par. 1010)." However, this court notes that the record contains a copy of the certified mail return postcard signed by plaintiff on July 13, 1985, and returned to the Pension Board. The trial judge then held that the 35-day statutory filing time requirement (Ill. Rev. Stat. 1987, ch. 110, par. 3—103) was tolled because the July 11, 1985, letter did not properly apprise plaintiff of his right to appeal and thus denied plaintiff due process of law pursuant to the holding in *Johnson v. State Employees Retirement System* (1987), 155 Ill. App. 3d 616.

The trial judge next considered and distinguished *Nelson v. Board of Trustees of the Police Pension Fund* (1986), 141 Ill. App. 3d 411,

where the appellate court held that a similarly situated plaintiff was not denied due process when the pension board denied him a hearing on his application, as being "a distinction without a difference." The trial judge's opinion then stated:

> "The right to participation in a pension program is so much a part of the employment scene in this country as to be worthy of judicial notice. It is an important benefit which is hotly bargained for in employment agreements. It is a benefit of substantial importance to law enforcement personnel. The out of hand denial of that benefit, without opportunity of hearing, is a denial of due process."

The trial judge denied defendant's motion to dismiss, concluding that the Pension Board never properly addressed plaintiff's original February 1985 application.

After a trial on the merits, the trial court entered an order on November 26, 1990, ordering defendant to admit plaintiff as a member of the pension fund, retroactive to the date of his first application for membership in the fund if plaintiff makes appropriate payments. In a written letter opinion accompanying the order, the trial judge reviewed the evidence and concluded that the Pension Board's denial of plaintiff's application was contrary to the manifest weight of the evidence and arbitrary and capricious. Defendant made a timely appeal.

We have granted the Illinois Police Pension Fund Association (Association) leave to appeal as *amicus curiae*. The Association argues that an applicant for membership in a pension fund has no property interest in the fund and that an applicant whose application was previously denied is precluded from reapplying for admission into the fund at a later date.

The first issue for review is whether the trial court erred in denying defendant's motion to dismiss. Defendant argues that the trial court did not have jurisdiction to hear the action since plaintiff failed to file his complaint for administrative review within 35 days after receiving the July 11, 1985, certified letter from defendant denying his application. Plaintiff responds that the trial court properly denied defendant's motion based on the court's finding that the filing requirement was tolled because the Board's July 11 letter denied plaintiff due process.

Our disposition of this appeal is controlled by application of the filing period requirement contained in section 3—103 of the Administrative Review Law (the Act) (Ill. Rev. Stat. 1987, ch. 110, par. 3—103) and consideration of plaintiff's due process arguments. We first address the filing time requirement.

Section 3—148 of the Pension Code provides that the Act (Ill. Rev. Stat. 1987, ch. 110, par. 3—103 *et seq.*) will govern judicial reviews of pension-related administrative actions. (Ill. Rev. Stat. 1987, ch. 108½, par. 3—148; see *Board of Trustees of the Police Pension Fund v. Washburn* (1987), 153 Ill. App. 3d 482, 485.) Two sections of the Act apply here. Section 3—102, entitled "Scope of Article," states in pertinent part:

> "Unless review is sought of an administrative decision within the time and in the manner herein provided, the parties to the proceeding before the administrative agency shall be barred from obtaining judicial review of such administrative decision." (Ill. Rev. Stat. 1987, ch. 110, par. 3—102.)

Section 3—103, entitled "Commencement of Action," provides:

> "Every action to review a final administrative decision shall be commenced by the filing of a complaint and the issuance of summons within 35 days from the date that a copy of the decision sought to be reviewed was served upon the party affected thereby." Ill. Rev. Stat. 1987, ch. 110, par. 3—103.

■ Defendant correctly notes that the 35-day filing period requirement is jurisdictional; "if a complaint is not timely filed, no jurisdiction is conferred on the circuit court and judicial review of the administrative decision is barred." (*Lockett v. Chicago Police Board* (1990), 133 Ill. 2d 349, 354-55, citing *Fredman Brothers Furniture Co. v. Department of Revenue* (1985), 109 Ill. 2d 202, 211; see also *Spicer, Inc. v. Regional Board of School Trustees* (1991), 212 Ill. App. 3d 16, 19.) While plaintiff characterizes the 35-day filing requirement as a "relatively brief *** limitation period," Illinois courts have long enforced this requirement, the purpose of which is to " 'hasten the procedure' of administrative review and avoid undue delay." (*Lockett*, 133 Ill. 2d at 355.) We note, parenthetically, that in contrast the 35-day period for the issuance of summons is mandatory, not jurisdictional, and failure to comply with that requirement will not deprive the court of jurisdiction. (*Lockett*, 133 Ill. 2d at 355; see *City National Bank & Trust Co. v. Property Tax Appeal Board* (1983), 97 Ill. 2d 378, 381-82; *Cox v. Board of Fire & Police Commissioners* (1983), 96 Ill. 2d 399, 403-04 (in both cases, the supreme court relaxed the 35-day filing requirement where plaintiffs had timely filed their complaints for administrative review and summons with the clerk of the circuit court but, due to problems at the clerk's office beyond plaintiff's control, the summonses were not issued until after the 35-day period expired).) We further note that, although the procedural rules of an administrative agency may provide for an extension of time be-

yond the 35-day filing period provided under the Act, the Pension Code does not do so. *Rossler v. Morton Grove Police Pension Board* (1989), 178 Ill. App. 3d 769, 774.

▮ In the case at bar, plaintiff waited 33 months after his application was denied in July 1985 before asking the Pension Board in March 1988 for what was essentially a rehearing of the same matter. Plaintiff wanted the Board to reconsider its earlier denial of his application for membership in the fund. We agree with defendant and the Association that a rehearing is not provided for in the Pension Code. (See *Rossler*, 178 Ill. App. 3d at 774 (Pension Code provides no authority for pension boards to conduct a rehearing of a matter previously decided after the expiration of the 35-day filing period for an appeal); see also *People ex rel. Olin Corp. v. Department of Labor* (1981), 95 Ill. App. 3d 1108, 1112 (as administrative agencies are creatures of statute, they may allow rehearings or modify or alter their decisions only when authorized to do so by statute).) We conclude that on these facts, and under a plain reading of section 3—103 of the Act (Ill. Rev. Stat. 1987, ch. 110, par. 3—103), plaintiff has not complied with the 35-day filing requirement for seeking judicial review of an administrative action. We therefore initially conclude that, saving plaintiff's due process concerns for later discussion, the trial court erred in denying defendant's motion to strike and dismiss plaintiff's complaint.

Our conclusion that plaintiff is barred from seeking review of the Pension Board's decision does not conflict with the first district's opinion in *Johnson v. State Employees Retirement System* (1987), 155 Ill. App. 3d 616, relied upon by the trial judge in the instant case. Discussion of the *Johnson* case, however, necessarily involves a discussion of procedural due process and how it applies, if at all, to a party such as plaintiff who applies for membership in a pension fund. Therefore, we next consider the due process considerations raised by plaintiff.

▮ At issue is whether plaintiff had a property interest in the pension fund such that procedural due process applied and, if so, whether the proceedings of the Pension Board, in particular the July 11 letter, denied plaintiff due process of law. We agree with defendant and the Association that, as an applicant, plaintiff did not have a property interest in the pension fund and that procedural due process in the Pension Board's proceedings was therefore not required.

A discussion of the two cases invoked by the trial judge in his letter opinion denying defendant's motion will aid our resolution of this issue. The issue in *Johnson v. State Employees Retirement System*

(1987), 155 Ill. App. 3d 616, was whether the State Employees Retirement System's notice of their decision denying plaintiff survivor's benefits, which failed to inform plaintiff of his right to appeal the decision and the 35-day limit for filing an appeal, denied plaintiff due process. (*Johnson*, 155 Ill. App. 3d at 617.) The plaintiff in *Johnson*, a widower seeking survivor's benefits based on his deceased wife's State of Illinois retirement plan, filed a complaint for administrative review 55 days after he was denied benefits. (*Johnson*, 155 Ill. App. 3d at 617-18.) The court found the State's notice "constitutionally inadequate because it failed to inform [plaintiff] of his right to appeal and the time period for so doing" and as a result "the defective notice tolled the statutory 35-day filing period." (*Johnson*, 155 Ill. App. 3d at 619.) The dissent, however, argued that while "the better practice would be for the agency to include the information regarding the 35-day limit for filing an appeal in its notice of decision," the failure of the agency to include such information in the notice did not rise to the level of a constitutional violation. *Johnson*, 155 Ill. App. 3d at 620 (Jiganti, J., dissenting).

At issue in *Nelson v. Board of Trustees* (1986), 141 Ill. App. 3d 411, was whether a local police pension board violated the due process right of the plaintiff-applicant by rejecting his application for admission into the fund without granting him a hearing. (*Nelson*, 141 Ill. App. 3d at 412.) The 35-day filing period was not at issue. The court held that neither section 3—106 of the Pension Code (Ill. Rev. Stat. 1983, ch. 108½, par. 3—106) nor constitutional due process requires the pension board to hold a hearing to determine whether an applicant is qualified. (*Nelson*, 141 Ill. App. 3d at 414-15.) The court quoted from *Board of Regents of State Colleges v. Roth* (1972), 408 U.S. 564, 33 L. Ed. 2d 548, 92 S. Ct. 2701, a leading case on procedural due process, where the United States Supreme Court stated:

> " 'To have a property interest in a benefit, a person clearly must have more than an abstract need or desire for it. He must have more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it.' " (*Nelson*, 141 Ill. App. 3d at 415, quoting *Roth*, 408 U.S. at 577, 33 L. Ed. 2d at 561, 92 S. Ct. at 2709.)

The court concluded that the applicant was not denied due process because he never obtained a property interest since he never became a member of the fund. (*Nelson*, 141 Ill. App. 3d at 415.) Instead, the court found that the applicant had at most a "unilateral expectation that he would become a member of the fund." *Nelson*, 141 Ill. App. 3d at 415.

In the instant case, we agree with defendant that the trial judge's reliance on *Johnson* is misplaced. This court prefers a narrow reading of the holding in *Johnson*: that a *vested* applicant who is denied benefits by an agency must, under due process of law, receive notice apprising him of his right to appeal and the 35-day filing requirement. We find *Nelson* instructive in this regard as it provides the proper test, as stated in *Board of Regents v. Roth*, for determining when a person has a property interest in a benefit, such that procedural due process is required.

The due process concerns raised in *Johnson*, where the applicant was seeking administrative review following the denial of *vested* benefits, are not relevant to the instant case where plaintiff had a mere expectancy that he would become a member of the pension fund. We note that plaintiff acknowledged this fact on March 25, 1985, when he signed the City of Aurora document that said in essence that plaintiff knew and understood that his job as a police officer was contingent and that final determination of his fitness for the position had not yet been made by the Aurora Police Pension Board. The Pension Board made a final determination of plaintiff's fitness to be a police officer on July 2, 1985, at which time the Board unanimously denied plaintiff's application. Plaintiff failed to appeal within the statutory 35-day period after receiving the Board's letter of July 11, 1985, denying his application. Administrative review of the Board's decision is barred. The trial court was therefore without jurisdiction to hear the cause and erred in denying defendant's motion to dismiss plaintiff's complaint for administrative review. The trial court incorrectly found that plaintiff had a property interest in the pension fund such that procedural due process applied.

Plaintiff presents a variety of different arguments as to why he should be afforded procedural due process under the facts of the case. Each argument, however, fails. Plaintiff first argues that the Illinois legislature has indicated that his application for membership in the pension fund involves a significant interest warranting the protections of due process. We fail, however, to find any statutory authority, in plaintiff's brief or by our own research, to support the premise that an applicant for pension fund membership has a property interest in the fund such that procedural due process is required. (See *Nelson*, 141 Ill. App. 3d at 415.) Plaintiff also argues that both Congress (citing the Employee Retirement Income Security Act of 1974 (29 U.S.C. §1001 *et seq.* (1988)) and the United States Supreme Court (citing *Goldberg v. Kelly* (1970), 397 U.S. 254, 262 n.8, 25 L. Ed. 2d 287, 295 n.8, 90 S. Ct. 1011, 1017 n.8) have acknowledged "the importance

that pensions play in society" such that pension rights must be accorded special attention. This argument lacks merit as applied to the instant case in that both the Employee Retirement Income Security Act of 1974 (29 U.S.C. §1001 *et seq.* (1988)) and footnote 8 of the *Goldberg* decision were referring to *vested* pension rights, of which plaintiff has none. See *Nelson,* 141 Ill. App. 3d at 415.

■ Plaintiff next argues that the Pension Board is using the Administrative Review Law as a shield from judicial scrutiny. Rather than the Board using the Act as a shield, we believe this case stands for the proposition that plaintiff could have used the Act as a sword to open the Board's proceedings to judicial review *if* plaintiff had filed a complaint for administrative review within 35 days of receiving the notice denying his application. (See Ill. Rev. Stat. 1987, ch. 110, par. 3—103.) Plaintiff also argues that the Pension Board's proceedings are effectively immune from review and that the Board is improperly using "permanent irrebuttable arguments" that diabetics are unfit to be police officers. We find that these arguments have no merit for the same reason that we rejected plaintiff's last argument.

■ Plaintiff next equates his application for membership in the pension fund with an entitlement, for which he argues procedural due process is required. We reject the proposition that plaintiff's application gave rise to an "entitlement," defined in Black's Law Dictionary as "[r]ight to benefits, income or property which may not be abridged without due process." (Black's Law Dictionary 477 (5th ed. 1979).) Plaintiff had no rights in the pension fund (see *Nelson,* 141 Ill. App. 3d at 415); the very basis for this whole proceeding was plaintiff's application for membership rights in the fund.

■ Plaintiff next argues that he met all of the criteria for being a "police officer" as defined in section 3—106 of the Pension Code (Ill. Rev. Stat. 1987, ch. 108½, par. 3—106) and should therefore be entitled to pension benefits since section 3—101 of the Pension Code provides that "the board of trustees *** shall establish and administer a police pension fund *** for the benefit of its police officers." (Ill. Rev. Stat. 1987, ch. 108½, par. 3—101.) This argument fails because the language in section 3—101 is clearly addressed to the board's duty to manage a pension fund for police officers who are members. Plaintiff is not a member.

■ Plaintiff also argues that the legislature has not expressly granted police pension boards the authority to select the pension fund's participants. We find that such an argument vitiates the letter and spirit of the Pension Act, which provides pension boards with authority to "control and manage the pension fund." (Ill. Rev. Stat.

1987, ch. 108½, par. 3—132.) Such an argument is also contrary to case law construing and interpreting the Pension Code. (See, *e.g.*, *Nelson*, 141 Ill. App. 3d at 414 (due to their personal knowledge of the peculiar physical and emotional demands of being a policeman, the members of the board determine whether an applicant is qualified for membership); *Board of Trustees of the Police Pension Fund v. Illinois Human Rights Comm'n* (1986), 141 Ill. App. 3d 447, 453 (Pension Code vests board with exclusive authority to determine eligibility to participate in pension fund, and such authority does not conflict with the Illinois Human Rights Act); *Sanders v. Board of Trustees of the City of Springfield Police Pension Fund* (1983), 112 Ill. App. 3d 1087, 1091-92 (eligibility for pension fund membership best left to the sound determination of the board of trustees).)

■ Plaintiff finally appears to argue that he developed a property right in the pension fund by working as an Aurora police officer since 1985. While this argument has appeal, this court finds that no such property right developed since during this period plaintiff was not a member. (See *Nelson*, 141 Ill. App. 3d at 415.) We again note that prior to his employment commencing, plaintiff signed a document on March 25, 1985, which indicated that he realized that his job was contingent on later approval by the Pension Board.

Because we find defendant's jurisdictional argument dispositive on this appeal, we need not address plaintiff's or defendant's remaining arguments.

For the foregoing reasons, the judgment of the trial court is vacated.

Judgment vacated.

McLAREN and BOWMAN, JJ., concur.