BRIAN N. DOPP, Plaintiff-Appellant, v. THE VILLAGE OF NORTHBROOK, Defendant-Appellee.

First District (3rd Division)   No. 1—92—4090

Opinion filed December 29, 1993.—Rehearing denied February 18, 1994.

Morrison & Mix, of Chicago (Douglas K. Morrison, of counsel), for appellant.

Burke, Bosselman & Weaver, of Chicago (William F. DeYoung and Loretto M. Kennedy, of counsel), for appellee.

JUSTICE RIZZI delivered the opinion of the court:

Plaintiff, Brian N. Dopp, brought this action to recover damages for wrongful termination, back pay and reinstatement in a new position against defendant, the Village of Northbrook. Plaintiff's complaint was dismissed, his motion to reconsider was denied and he was denied leave to file an amended complaint. Plaintiff now appeals. We affirm.

The issues before this court for review are: (1) whether the trial court erred in considering a certain document as part of the record on appeal; (2) whether the trial court erred in refusing to vacate the dismissal of plaintiff's complaint; (3) whether the trial court erred in finding that plaintiff waived the issue of wrongful termination; and

(4) whether the trial court erred in denying plaintiff's motion to file an amended complaint.

Plaintiff was hired as a fireman/paramedic for the Village of Northbrook fire department (fire department) on September 16, 1983. Both the fireman/paramedic job description and the practice and policy of the fire department required that all firemen/paramedics maintain their status as certified emergency medical technician/ paramedics (EMT/P) with the Illinois Department of Public Health (IDPH) and with the South Lake County Mobile Intensive Care Unit System (South Lake County MICUS) as a condition of their employment.

On October 21, 1985, plaintiff failed the written portion of the certification examination administered by the South Lake County MICUS. Passage of this examination was required for the annual recertification of EMT/P's. Plaintiff took the portion of the examination which he failed in the summer of 1988 and passed. In October of 1988, plaintiff took the oral portion of the South Lake County MICUS examination and failed. As a result, plaintiff was decertified as an EMT/P by the IDPH.

Plaintiff appealed his decertification before the board of fire and police commissioners of the Village of Northbrook (Board) at two hearings. The first hearing was held on July 16, 1986, and the second hearing was held on November 14, 1988. At the hearing on July 16, 1986, the parties addressed charges that plaintiff should be terminated due to his failure to maintain certification as an EMT/P. The Board scheduled another hearing to allow all parties to present evidence relating to the IDPH's final action on plaintiff's attempted recertification and the results of plaintiff's subsequent attempt to pass the written test by taking another examination later in July of that same year. At the November 14, 1988, hearing, the Board was informed of plaintiff's decertification. Defendants told the Board of plaintiff's continued failure to recertify and that the IDPH decertification occurred after the Board's adjournment of the previous hearing because the Board wanted to give plaintiff sufficient time to be retested. Plaintiff argued that he should not be discharged because he had adequately completed his job assignments.

On December 14, 1988, the Board issued a finding of fact and an order discharging plaintiff from his employment as a fireman/ paramedic. The Board found that plaintiff's failure to maintain his certification as an EMT/P constituted sufficient cause for his discharge pursuant to section 10—2.1—17 of the Illinois Municipal Code. (Ill. Rev. Stat. 1987, ch. 24, par. 10—2.1—17.) A copy of the finding of fact and decision was served upon plaintiff on December 15, 1988.

Approximately two years later on December 13, 1990, plaintiff filed a complaint against the defendant seeking damages for wrongful termination, back pay and the entry of an order compelling defendant to hire plaintiff in a new position. Count I of plaintiff's complaint alleged that the oral test was arbitrary and capricious. Count II alleged that the South Lake County MICUS project medical director failed to inform plaintiff of his right to submit an independent application for recertification. Count III alleged that although plaintiff's recertification was a written requirement of continued employment as a fireman/paramedic, he was not hired as an EMT in retaliation for challenging the recertification procedures. Plaintiff also sought to be hired in a position which did not require him to be certified as an EMT/P while he sought recertification or succeeded in changing the testing requirement applicable to the position for which he was decertified. Although plaintiff questioned the procedures of the South Lake County MICUS testing entity in the complaint, said entity was not named as a defendant in this action.

Defendant Village of Northbrook moved to dismiss the action pursuant to section 2—619 of the Code of Civil Procedure (Code) (Ill. Rev. Stat. 1989, ch. 110, par. 2—619), alleging, among other things, that the action was time barred by section 3—103 of the Code (Ill. Rev. Stat. 1989, ch. 110, par. 3—103). The trial court granted defendant's motion to dismiss on the basis that plaintiff's claim was not filed within the 35-day commencement period applicable to administrative review actions as specified in section 3—103 of the Code. Ill. Rev. Stat. 1989, ch. 110, par. 3—103.

Plaintiff filed a motion for reconsideration of this order on October 22, 1991, arguing that the 35-day time period did not apply and further alleging that although he was represented by counsel at both administrative hearings, the 35-day period did not begin to run until defendant provided him with a notice of his right to seek administrative review which included a reference to the length of time for doing so. On August 12, 1992, the trial court entered an order denying plaintiff's motion for reconsideration and declining to amend or vacate its prior ruling. In its order, the trial court held that plaintiff waived the issue of wrongful termination by failing to request a lateral transfer during the hearings before the Board.

On August 24, 1992, plaintiff filed a motion to vacate the order of August 12, 1992, and for other relief including leave to file an amended complaint. On November 17, 1992, the trial court issued a third order, affirming its dismissal of the cause and denying both plaintiff's second motion to reconsider and his request to file an amended complaint.

■ Defendant Village of Northbrook contends that this court should not consider a certain document as it is not part of the record on appeal.

Plaintiff has attached an unfiled copy of a proposed amended complaint to this brief. Defendant is correct with respect to its assertion that all matters to be considered on appeal must be made part of the official court record. (134 Ill. 2d R. 321.) Documents to be included in the record on appeal may only consist of those which were filed in the case. (*Rutter v. Horace Mann Insurance Co.* (1989), 190 Ill. App. 3d 467, 473, 545 N.E.2d 1381, 1384.) Accordingly, plaintiff's proposed amended pleading may not be considered by this court on appeal.

■ Plaintiff first contends on appeal that the trial court erred in refusing to vacate the dismissal of his complaint. We disagree.

The administrative review statute specifically provides that a party seeking judicial review of a final decision of an administrative agency must do so by filing a complaint and issuing a summons within 35 days from the date that a copy of the decision to be reviewed was served upon the party affected. (Ill. Rev. Stat. 1989, ch. 110, par. 3—103.) The requirement that a petition for administrative review must be filed within 35 days from the date the party affected by a final administrative decision is served with a copy of the decision is jurisdictional. (*Holmes v. Aurora Police Pension Fund Board of Trustees* (1991), 217 Ill. App. 3d 338, 344-45, 577 N.E.2d 191, 194-95.) If the time limit is violated, judicial review is barred. (*Holmes*, 217 Ill. App. 3d at 344-45, 577 N.E.2d at 194-95.) The record in the present case shows that plaintiff's complaint seeking review of the Board's decision to discharge him was filed approximately two years after he was served with the decision on December 15, 1988. Thus, the trial court properly dismissed plaintiff's complaint.

■ Next, plaintiff alleges that the trial court erred in finding that plaintiff waived the issue of wrongful termination. We do not agree.

Neither plaintiff's complaint nor his response filed in opposition to defendant's motion to dismiss challenges the validity of plaintiff's discharge. Plaintiff in count III of his complaint acknowledged that his recertification as an EMT/P was a condition of his continued employment as a fireman/paramedic. Plaintiff, in that same count, petitioned the court to enter an order for defendant to hire him for a position which did not require his certification as an EMT/P pending either his recertification or a reversal of the decertification order. In addition, plaintiff in his response to defendant's initial motion to dismiss indicated that his discharge from the position of fireman/ paramedic with the fire department is not the activity being

challenged in his complaint. Plaintiff's response to defendant's motion to dismiss reads as follows:

"Plaintiff does not contest the fact that certification as an EMT-P is a necessary condition of employment and is a *bona fide* occupational qualification to be employed as an EMT-P. Therefore, the Board's decision to remove plaintiff from his duties as an EMT-P within the Northbrook Fire Department was justified after plaintiff allegedly failed the oral exam in question."

Plaintiff now seeks judicial review of the issue of wrongful termination. Plaintiff cannot alter his previous position for purposes of this appeal and contest the validity of his discharge. Questions not raised in the trial court may not be raised for the first time on appeal. (*Shell Oil Co. v. Department of Revenue* (1983), 95 Ill. 2d 541, 550, 449 N.E.2d 65, 69.) Accordingly, issues relating to the merits of plaintiff's discharge are not proper subjects for this appeal.

■ Finally, plaintiff contends that the trial court erred in denying his motion to file an amended complaint.

The record shows that the trial court did rule on plaintiff's motion to file the amended complaint by denying his request in its order of November 17, 1992. The trial court properly denied plaintiff's request to file the amended complaint. Section 2—616(b) of the Code provides that a cause of action established in any amended pleading shall not be barred by lapse of time if the time prescribed or limited had not expired when the original pleading was filed. (Ill. Rev. Stat. 1989, ch. 110, par. 2—616(b).) As plaintiff's underlying complaint was barred by the applicable statute of limitations, the amended pleading is untimely and must also fail. Furthermore, if, as in the present case, the proposed amendments made no substantive change in the complaint previously held insufficient, the trial court had a right to reject an attempt to relitigate points which had already been decided. *Payne v. Murphy Hardware Co.* (1978), 62 Ill. App. 3d 803, 809, 379 N.E.2d 817, 822.

The trial court has broad discretion in ruling on motions to amend the pleadings and such rulings will not be reversed on appeal absent a manifest abuse of this discretion. (*Payne*, 62 Ill. App. 3d at 809, 379 N.E.2d at 822.) The trial court has exercised its discretion soundly with respect to the present question and its denial of plaintiff's motion to file an amended complaint is affirmed.

For the aforementioned reasons, we affirm the trial court's final order affirming the dismissal of plaintiff's complaint and denial of plaintiff's motion to file an amended complaint.

Affirmed.

TULLY, P.J., and CERDA, J., concur.