*In re* MARRIAGE OF ALLISON STAM, Petitioner-Appellee, and GREGORY STAM, Respondent-Appellant.

Third District No. 3—93—0755

Opinion filed April 13, 1994.

Petersen, Deck, Ruch & Baron, of Kankakee (Dennis Baron, of counsel), for appellant.

Sacks, Albrecht, Copeland & Herzog, of Kankakee (K. Edward Copeland, of counsel), for appellee.

JUSTICE BRESLIN delivered the opinion of the court:

This court is asked to decide how much weight should be given the duration of the marriage when determining one party's maintenance obligation to the other. The court below ordered maintenance reviewable after three years and then continued it for four more years to be reviewed in 1997. The respondent, Gregory Stam, appeals this order on the basis that his marriage to Allison Stam, the petitioner, lasted less than five years and he should not be required to maintain her for an indefinite period of time long beyond the length of the marriage. We affirm the trial court's order based on its analysis of all the factors in determining a just result.

The record shows that the parties were married for five years but only lived together for $2^{1}/2$ of those years. At the time of the dissolution in July 1990, Allison had contracted multiple sclerosis and was unable to work. The trial court ordered Gregory to pay Allison maintenance of $621 per month until June 8, 1993, at which time the award was to be reviewed. Gregory appealed from that decision arguing that maintenance should automatically terminate on June 8, 1993. This court affirmed the trial court's decision in a Rule 23 (134 Ill. 2d R. 23) order, noting that it was necessary for the trial court to reserve jurisdiction to avoid improper speculation about Allison's ability to find suitable employment.

The trial court reviewed the maintenance award in July 1993 and subsequently found that the award should be extended to August 9, 1997, and made it reviewable at that time.

When the parties married in 1985 they were both in good health. Allison had an undergraduate degree in special education and became employed as a teacher's aide and later as a special education teacher. During the marriage, she developed various debilitating physical

symptoms. Allison was hospitalized in the spring of 1988, and when she was released she began living with her parents, which she continued to do up to the present time. After the parties separated, she was diagnosed with multiple sclerosis. Allison's mother was diagnosed with cancer in 1992 and thus required care herself. Allison's income consists of $364 per month in social security benefits and $33 per month from private tutoring. She has $27,700 in savings and her expenses are $677 per month.

Gregory has a master's degree in business administration and is currently employed at US Cellular. At the time of the dissolution, Gregory's annual gross salary was $45,000. His current annual gross salary is $55,000. According to Gregory, his monthly expenses have increased from $2,558 at the time of dissolution to $3,956 at the time of the hearing in 1993. Regarding those expenses, the trial court specifically noted that it felt that Gregory's expenses would always exceed his income and that this would be true even if he made $75,000 a year.

On appeal, Gregory argues that given the relatively short duration of the marriage, the trial court should have terminated maintenance as of August 1993 or, in the alternative, the court should have ordered that maintenance terminate by August 1997 without any further review.

Section 504(b) of the Illinois Marriage and Dissolution of Marriage Act (Act) (750 ILCS 5/504(b) (West 1992)) provides that a court is to award maintenance in such amounts and for such periods of time as it deems just, after consideration of the following additional factors: the time necessary to acquire sufficient education or training to enable the party seeking maintenance to find appropriate employment; the standard of living established during the marriage; the duration of the marriage; the age and the physical and emotional condition of both parties; and the ability of the spouse from whom maintenance is sought to meet his or her needs while meeting those of the spouse seeking maintenance. (*In re Marriage of Marthens* (1991), 215 Ill. App. 3d 590, 575 N.E.2d 3.) Obviously, the duration of the marriage is just one of many factors to be considered by the trial court in determining the amount and duration of maintenance. While section 504 requires the court to consider all relevant factors, there is no requirement that the factors be given equal weight, so long as the balance struck by the court is reasonable under the circumstances. (*In re Marriage of Miller* (1992), 231 Ill. App. 3d 480, 595 N.E.2d 1349.) Moreover, a trial court's decision regarding the amount of a maintenance award will not be overturned unless no reasonable person would take the view adopted by the trial court. *In re Marriage*

*of Heller* (1987), 153 Ill. App. 3d 224, 505 N.E.2d 1294; *In re Marriage of Gunn* (1992), 233 Ill. App. 3d 165, 598 N.E.2d 1013.

A spouse applying for maintenance has an affirmative duty to seek gainful employment. (*In re Marriage of Heller* (1987), 153 Ill. App. 3d 224, 505 N.E.2d 1294.) This goal, however, must be balanced against a realistic appraisal of the likelihood that the spouse will be able to support herself in some reasonable approximation of the standard of living established during the marriage. *In re Marriage of Marthens* (1991), 215 Ill. App. 3d 590, 575 N.E.2d 3.

Applying the above-mentioned principles, we find that the trial court's approach was reasonable. Multiple sclerosis is an unpredictable disease. It is possible Allison's symptoms could abate or that she could have a remission, etc. On the other hand, there was nothing in the record indicating that Allison would be able to become self-sufficient in the near future. As such, it was necessary for the court to reserve jurisdiction on this issue to avoid improper speculation. (See *In re Marriage of Sisul* (1992), 234 Ill. App. 3d 1038, 600 N.E.2d 86.) We therefore find that the trial court did not abuse its discretion in reserving jurisdiction to review the maintenance award.

This is not to say that if Allison does not make a full recovery maintenance may never be terminated. On review, the trial court should give careful consideration to the short duration of the marriage, for the longer the maintenance lasts the more weight the length of the marriage assumes. In addition, even if Allison is unable to undertake gainful employment, her financial condition may nevertheless improve to the point where maintenance would no longer be warranted. In the end, the mandate of section 504(b) of the Act is to achieve a just result.

For the foregoing reasons, the judgment of the circuit court of Kankakee County is affirmed.

Affirmed.

LYTTON and McCUSKEY, JJ., concur.