No. 3--96--0376

_________________________________________________________________

                                  IN THE

                        APPELLATE COURT OF ILLINOIS

                              THIRD DISTRICT

                                 A.D. 1996

_________________________________________________________________

IN RE THE MARRIAGE OF:         )   Appeal from the Circuit Court

                               )   of the 14th Judicial Circuit,

ROSALIND MARIE CHAPMAN,        )   Henry County, Illinois

                               )

     Petitioner-Appellant,     )

                               )

        v.                     )   No. 92--D--215

                               )

RICHARD EUGENE CHAPMAN,        )   Honorable

                               )   Jeffery W. O'Connor,

     Respondent-Appellee.      )   Judge Presiding.

_________________________________________________________________

JUSTICE McCUSKEY delivered the opinion of the court:

_________________________________________________________________

     The petitioner, Rosalind Chapman n/k/a Rosalind Vandersnick,

appeals from a judgment of dissolution of marriage.  The judgment

dissolved her marriage to the respondent, Richard Chapman,

distributed the parties' property, ordered Richard to continue her

health insurance for a period of two years and awarded her no

maintenance.

     On appeal, Rosalind argues that the trial court abused its

discretion: (1) when it failed to award maintenance, considering

her failing health and inability to work; and (2) when it failed to

order Richard to provide health insurance for longer than two years

and pay her uncovered medical expenses.

     After carefully reviewing the record on appeal, we reverse the

trial court's determination.  For reasons that follow, we remand

the case to the circuit court of Henry County for further

proceedings consistent with this opinion.

                                   FACTS

     Rosalind and Richard were married on August 20, 1988, and

separated on August 30, 1992.  No children were born during the

marriage.  Rosalind filed her petition for dissolution of marriage

on October 7, 1992.  At that time, she was 35 years old, and

Richard was 39 years old.  On February 19, 1993, the trial court

entered an order requiring Richard to pay Rosalind $400 per month

in temporary maintenance.

     On August 24, 1994, after a hearing, an order was entered

finding grounds for the dissolution of the marriage.  A hearing on

the remaining contested matters was held on January 23, 1995. 

Richard's financial affidavit said he worked for John Deere and

earned about $3,400 gross per month.  However, he testified that,

just prior to the hearing, he had changed jobs at John Deere to

obtain greater job security.  He anticipated that his gross monthly

income would be about $2,586 in the new job.  Evidence was

presented that it would cost him $187.68 per month to keep Rosalind

covered under his group health insurance after the dissolution of

marriage was final.

     Rosalind testified that she was diagnosed with myotonic

dystrophy in September 1992.  Evidence was presented that it is a

hereditary disease.  Her deceased father had the disease, as well

as several other family members.  She stated that her symptoms

include difficulty in walking, balance problems and weakness in her

hands which makes it difficult to write.  She also needs a lot of

sleep.  Rosalind testified that it is difficult for her to do daily

tasks such as brushing her teeth, using a blow dryer on her hair,

turning faucets on and off, opening and closing doors and going up

and down steps.  She said that she cannot use a mop or run a vacuum

cleaner.  

     Rosalind previously worked as a teller at Farmers National

Bank for almost 18 years.  Her gross pay was $1,024.97 per month,

and her net pay was $718.80 per month.  She voluntarily left her

employment on December 31, 1994, because she was unable to

adequately perform her job responsibilities.  Rosalind stated that

the stress and frustration associated with the job were too much

for her to continue.  She testified that she had applied for social

security disability, but was not yet receiving any benefits.  In

her financial affidavit, she claimed that her monthly living

expenses were $1,394.50. 

     Rosalind's mother, Rosella Vandersnick, testified that

Rosalind moved in with her in May 1994.  She said Rosalind has

balance problems and problems with choking when she tries to take

medication.  Rosella testified that Rosalind also is often very

tired and has limited ability to perform tasks, such as buttoning

clothing, because of weakness in her hands.  Rosella testified that

she is 60 years old and works part time.  She does the

housecleaning and laundry and also helps Rosalind with the many

tasks that Rosalind is unable to accomplish.  Rosella stated that

Rosalind pays rent to help pay the bills.  

     Marsha Flemming, an operations manager at Farmers National

Bank, testified that she was one of Rosalind's supervisors.  She

stated that Rosalind's condition deteriorated during the last six

months Rosalind worked at the bank.  Rosalind had difficulty

walking because of balance problems and had difficulty writing

legibly.  

     Janet Cady, the head teller at the bank, testified that

Rosalind had been an excellent worker but became less and less

efficient because of her physical problems.  Cady stated that

Rosalind had problems with vision and needed help lifting heavy

items such as bags of coins.  Cady testified that Rosalind's speech

had become slurred and it was hard for her to speak clearly to bank

customers.  Rosalind had trouble concentrating and sometimes needed

help to finish her transactions or to balance her cash drawer at

the end of the day.  Also, Cady said it was hard for Rosalind to

write clearly enough so that coworkers could read her handwriting. 

Cady testified that it was extremely difficult for Rosalind to

perform her job the last two weeks she was employed at the bank.  

     Cady specifically stated that, because of all the difficulties

Rosalind was having, she was not able to continue her employment at

the bank.  Flemming testified that there was no part time position

available for Rosalind and that all of the jobs at the bank require

writing and verbal communication skills.

     At the hearing, several exhibits were admitted into evidence. 

These included letters from two doctors concerning Rosalind's

condition, as well as the evidence deposition of Dr. Ionesescu. 

The record indicates that all of the exhibits substantiated the

fact that Rosalind had been diagnosed as having myotonic dystrophy. 

However, we note that none of the exhibits have been included in

the record on appeal.

     After the hearing, the trial court took the matter under

advisement.  Thereafter, the parties submitted written arguments. 

On May 12, 1995, the parties submitted a stipulation that Rosalind

was found eligible for social security disability benefits and

would begin receiving $636 per month on July 3, 1995.  

     On August 4, 1995, the trial court entered a judgment of

dissolution resolving all issues.  In the judgment, Rosalind was

given the right to resume using her maiden name of Vandersnick. 

Also, the parties were awarded the personal property in their

possession.  Each party was also awarded ownership of a motor

vehicle.  Rosalind was awarded all rights to her 401(k) plan at the

bank, and Richard was awarded his 401(k) retirement plan at John

Deere.  Richard was ordered to pay two outstanding debts, as well

as $2,238.15 of Rosalind's attorney fees.  Richard was additionally

awarded five acres of real estate which was found to be his

nonmarital property.

     The judgment ordered Richard to maintain health insurance

coverage for Rosalind for the next two years.  The judgment further

stated that Rosalind would be responsible for all of her medical

expenses not covered by insurance.  The judgment provided that

Rosalind was permanently barred from receiving maintenance from

Richard.  The trial court said the decision not to award

maintenance was based upon its consideration of "the length of the

marriage and separation; the extent of rehabilitative maintenance

paid and the award of $636.00 per month of Social Security

Benefits."  

     Rosalind filed a motion to reconsider, contesting the trial

court's denial of maintenance and failure to make adequate

provision for health insurance and payment of medical expenses. 

The trial court denied the motion to reconsider.  Thereafter,

Rosalind filed a timely notice of appeal.

                                 ANALYSIS

                       I.  Omissions from the Record

     We initially recognize that none of the exhibits admitted at

the hearing, including the evidence from Rosalind's doctors, are

contained in the record on appeal.  Copies of these exhibits have

been attached to the parties' briefs.  However, we note that all

matters reviewed on appeal must be made part of the official court

record.  155 Ill. 2d R. 321; Dopp v. Village of Northbrook, 257

Ill. App. 3d 820, 824, 630 N.E.2d 84, 86 (1993).  Accordingly, a

copy of an item attached to a brief cannot be considered by this

court.  See Dopp, 257 Ill. App. 3d at 824, 630 N.E.2d at 86.  

     It is well established that the appellant has the burden of

presenting a reviewing court with an adequate record concerning the

claimed error.  Haudrich v. Howmedica, Inc., 169 Ill. 2d 525, 546-

47, 662 N.E.2d 1248, 1258 (1996).  However, an incomplete record

does not automatically preclude a reviewing court from determining

whether the trial court's findings or rulings are correct where

that determination can be made from the incomplete record presented

on appeal.  Dubey v. Abam Building Corp., 266 Ill. App. 3d 44, 46,

639 N.E.2d 215, 217 (1994).  After reading the record on appeal, we

conclude that it is adequate for purposes of our review.  

                             II.  Maintenance

     A trial court's determination regarding maintenance will not

be disturbed on appeal absent an abuse of discretion.  In re

Marriage of Uehlein, 265 Ill. App. 3d 1080, 1089, 638 N.E.2d 706,

714 (1994).  An abuse of discretion occurs when no reasonable

person would take the view adopted by the trial court.  In re

Marriage of Werries, 247 Ill. App. 3d 639, 652, 616 N.E.2d 1379,

1390 (1993).  In deciding whether to award maintenance and the

amount of maintenance, the trial court should review and consider

the relevant statutory factors, including:

                               "(1) the income and property of each

          party, including marital property apportioned

          *** to the party seeking maintenance;

                               (2) the needs of each party;

                               (3) the present and future earning

          capacity of each party;

                         * * *

                               (6) the standard of living established

          during the marriage;

                               (7) the duration of the marriage;

                               (8) the age and the physical and

          emotional condition of both parties."  750

          ILCS 5/504(a) (West 1994).

                               No one statutory factor is dispositive of the determination

whether maintenance should be granted or denied.  In re Marriage of

Harlow, 251 Ill. App. 3d 152, 157, 621 N.E.2d 929, 934 (1993). 

However, a trial court is required to consider the parties' health

and economic circumstances as they exist when the court rules on

the maintenance award.  In re Marriage of Brooks, 138 Ill. App. 3d

252, 265, 486 N.E.2d 267, 275-76 (1985).  It is incumbent upon a

trial judge to take a spouse's physical condition into account as

a significant factor in determining whether an award of maintenance

is proper.  See In re Marriage of Marcello, 247 Ill. App. 3d 304,

313, 617 N.E.2d 289, 295 (1993).  Accordingly, maintenance is

generally appropriate where a spouse is not employable because of

a physical condition.  See In re Marriage of Stam, 260 Ill. App. 3d

754, 756-57, 632 N.E.2d 1078, 1079-80 (1994); In re Marriage of

Morse, 240 Ill. App. 3d 296, 311, 607 N.E.2d 632, 643 (1993); In re

Marriage of Tietz, 238 Ill. App. 3d 965, 972, 605 N.E.2d 670, 676

(1992).  A dependent former spouse is entitled to continue to live

in some approximation to the standard of living established during

the marriage, unless the payor spouse's financial situation

indicates otherwise.  In re Marriage of Dunseth, 260 Ill. App. 3d

816, 833, 633 N.E.2d 82, 95 (1994).  

     In Stam, this court considered a situation remarkably similar

to the instant case.  In the Stam case, the parties lived together

for only 2½ years.  Following the parties' separation, the wife was

diagnosed with multiple sclerosis and was unable to work.  She

received $364 per month in social security benefits.  The trial

court awarded maintenance in the amount of $621 per month,

reviewable after a period of three years.  At the three-year

review, the trial court extended the maintenance award for an

additional four years, after which the award would again be

reviewed.  Stam, 260 Ill. App. 3d at 755, 632 N.E.2d at 1079.

     On appeal, this court affirmed the trial court's order

extending maintenance.  In doing so, we rejected the husband's

argument that maintenance should have been terminated based upon

the relatively short duration of the marriage.  Stam, 260 Ill. App.

3d at 756-57, 632 N.E.2d at 1079-80.  We noted that the duration of

the marriage was just one of many factors to be considered by the

trial court.  Stam, 260 Ill. App. 3d at 756, 632 N.E.2d at 1079-80. 

We also stated that, while a spouse requesting maintenance has an

affirmative duty to seek gainful employment, this goal "must be

balanced against a realistic appraisal of the likelihood that the

spouse will be able to support herself in some reasonable

approximation of the standard of living established during the

marriage."  Stam, 260 Ill. App. 3d at 757, 632 N.E.2d at 1080.  We

concluded that, because nothing in the record indicated that the

wife would become self-sufficient in the future, "it was necessary

for the court to reserve jurisdiction on this issue to avoid

improper speculation."  Stam, 260 Ill. App. 3d at 757, 632 N.E.2d

at 1080.                       

     Here, the evidence is uncontradicted that Rosalind has been

diagnosed with a serious disease, myotonic dystrophy.  Rosalind's

testimony, and that of her supervisors at the bank, showed that she

has difficulty performing tasks because of the symptoms of the

disease and is unable to continue her work at the bank.  Her only

source of income is $636 per month from social security disability. 

The only property that she received in the judgment of dissolution

of marriage were her 401(k) retirement plan, personal items of

limited value and a motor vehicle worth no more than $6,000.  

     On the other hand, the record clearly shows that Richard earns

an adequate income and is capable of providing maintenance for

Rosalind.  He has few debts and no dependents.  The parties also

had a significant combined income during the marriage. Rosalind's

small income and limited property do not enable her to live

anywhere near the standard of living established during the

parties' marriage.  Her income leaves her unable to meet her

monthly needs without the assistance of her 60-year-old mother.  

     From our review of the record and applicable case law, we

conclude that the trial court gave too much consideration to one

factor, the short duration of the marriage.  Moreover, the trial

court did not adequately consider the other relevant factors,

including Rosalind's needs, her present and future earning

capacity, and her physical condition at the time the maintenance

decision was made.  Following our decision in Stam, we conclude

that the trial court's order barring Rosalind from receiving

maintenance from Richard was an abuse of discretion.  

     Accordingly, we remand this case to the trial court for a

determination of an appropriate amount of maintenance based upon

Rosalind's financial needs and Richard's ability to pay.  Also, as

in Stam, we conclude that the trial court should reserve

jurisdiction on the maintenance issue so the circumstances of the

parties can be periodically reviewed.  Consequently, the trial

court's judgment on remand should include a provision for periodic

review of the maintenance order.  See Stam, 260 Ill. App. 3d at

757, 632 N.E.2d at 1080; Marcello, 247 Ill. App. 3d at 315, 617

N.E.2d at 296. 

                          III.  Health Insurance

     We also agree with Rosalind that the trial court abused its

discretion when it ordered Richard to provide health insurance for

only two years.  Following the two-year period, it is possible that

Rosalind will be unable to obtain any health insurance coverage. 

As a result, we conclude that the trial court must review the cost

and the parties' ability to obtain health insurance prior to the

end of the two-year period.

                               CONCLUSION  

     For the reasons indicated, the judgment of the trial court is

reversed.  The cause is remanded to the circuit court of Henry

County for further proceedings consistent with this opinion.  

     Reversed and remanded.

     BRESLIN, P.J., and HOLDRIDGE, P.J., concur.