*In re* MARRIAGE OF JANICE E. HART, Petitioner and Counterrespondent-Appellant, and JAMES MICHAEL HART, Respondent and Counterpetitioner-Appellee.

Third District    No. 3—88—0290

Opinion filed February 3, 1989.

K. Edward Copeland, of Sacks, Albrecht & Copeland, of Kankakee, for appellant.

Louise B. Bigott, of Kankakee, for appellee.

PRESIDING JUSTICE STOUDER delivered the opinion of the court:

As part of the judgment of dissolution of the parties' marriage, the trial court ordered the respondent and counterpetitioner, James Michael Hart, to pay the petitioner and counterrespondent, Janice E. Hart, maintenance of $200 per month for three months. Janice appeals.

The record shows that the parties were married on September 6, 1969. On June 14, 1986, Janice filed a petition for legal separation, along with a petition for temporary maintenance and child support. On July 14, 1986, the trial judge ordered James to pay $550 per month in child support for the couple's two minor children and $200 per month in temporary maintenance.

James subsequently filed a counterpetition for dissolution of the parties' marriage. Following a hearing on the matter, grounds for the dissolution were established on the counterpetition. The parties entered stipulations on the issues of custody, visitation, personal property and insurance. On March 25, 1988, the trial court entered its judgment dissolving the marriage and ordering James to pay maintenance of $200 per month until June 1, 1988.

On appeal, Janice argues that the trial court erred in limiting the maintenance award to three months, thereby speculating about her future employment.

■ Section 504(b) of the Illinois Marriage and Dissolution of Marriage Act (Ill. Rev. Stat. 1987, ch. 40, par. 504(b)) provides that once the trial court determines that maintenance is appropriate, the court can exercise its discretion in making an award of a limited duration. (*In re Marriage of Wilder* (1984), 122 Ill. App. 3d 338, 461 N.E.2d 447.) One relevant factor in assessing whether limited maintenance is warranted is the time necessary to acquire sufficient education to enable a party seeking maintenance to find appropriate employment.

(Ill. Rev. Stat. 1987, ch. 40, par. 504(b)(2).) Limited maintenance awards have been upheld in cases in which the award was intended to maintain a party for a period during which such party's income-producing potential might be fully realized. (*In re Marriage of Rothbardt* (1981), 99 Ill. App. 3d 561, 425 N.E.2d 1146.) If the wife is employable at an income not overly disproportionate from the standard of living she enjoyed during marriage, then generally speaking, limited maintenance is appropriate. (*In re Marriage of Pieper* (1979), 79 Ill. App. 3d 835, 398 N.E.2d 868.) The decision to grant limited maintenance will not be disturbed on review unless it amounts to an abuse of discretion or it is against the manifest weight of the evidence. *In re Marriage of Wilder* (1984), 122 Ill. App. 3d 338, 461 N.E.2d 447.

In the instant case, the judge's docket sheet states in regard to the maintenance award that the "counterrespondent [is] found to be a highly intelligent and well educated person capable of securing employment and maintaining herself upon receiving her teaching certificate within the next 60 to 90 days. Counterpetitioner [is] ordered to pay maintenance of $200 per month until June 1, 1988, at which time it shall cease."

The evidence at the dissolution hearing revealed that Janice was 36 years old at the time of the divorce. In the two years prior to the divorce, she had pursued her education at Governor's State University, where she obtained a degree in elementary education. As a result, she incurred a debt of $5,100 on an educational loan. Her 1987 income was $14,000, coming partly from her $7-per-hour job as a secretary at Kankakee Community College. James worked as a golf course manager, earning approximately $22,500 in 1987. He apparently lived in a home supplied by his employer at no cost. The couple had acquired little or no marital assets and both were of normal health, except that James suffered from hypertension.

■ We find that the trial court did not abuse its discretion in awarding limited maintenance. However, by limiting the maintenance award to three months, at which time it was to automatically terminate, the trial court was in fact engaging in speculation that Janice would have obtained employment as a teacher and thus gained self-sufficiency. Limited awards should not be based on speculation as to the future conditions of the parties, but rather on the circumstances disclosed by the evidence. *In re Marriage of Wilder* (1984), 122 Ill. App. 3d 338, 461 N.E.2d 447.

■ The record reveals no evidence to support the trial court's assumption that Janice would necessarily be able to support herself at the end of the three-month period at a reasonable approximation of

the standard of living enjoyed during the marriage. At the dissolution hearing, Janice testified that she had completed all the requirements for teacher certification. However, she further testified that she was not reasonably sure she would be able to secure employment in the public school system in the fall of 1988.

Under the circumstances, we find that the most appropriate solution is for the trial court to retain jurisdiction so that it can reevaluate the relevant circumstances of the parties and make such modifications in the award of maintenance as may be appropriate in the future. Time-limited maintenance which is reviewable at a certain date in the future has been widely accepted by Illinois courts as a logical, practical and fair way to handle maintenance awards. (See *In re Marriage of Albiani* (1987), 159 Ill. App. 3d 519, 512 N.E.2d 30; *In re Marriage of Asch* (1981), 100 Ill. App. 3d 293, 426 N.E.2d 1066.) In addition to there being no guarantee that Janice will have found employment by the fall of 1988, we also recognize that she would probably not be employed as a teacher for the summer months of 1988. If that is found to be the case, the trial court should continue maintenance for the period in which Janice is without appropriate employment.

The judgment of the circuit court of Kankakee County is reversed as to the automatic termination of Janice's maintenance on June 1, 1988. The cause is remanded for the limited purpose of allowing the trial court to review the maintenance award in light of our findings in this opinion. The remainder of the trial court's judgment is affirmed.

Affirmed in part; reversed in part and remanded.

WOMBACHER and HEIPLE, JJ., concur.