*In re* MARRIAGE OF LUANNE SISUL, Petitioner-Appellant, and JAMES JEROME SISUL, Respondent-Appellee.

Third District   No. 3—91—0974

Opinion filed September 15, 1992.

Olivero & Olivero, of Peru (Lisa Olivero, of counsel), for appellant.

Donald R. Rayfield, of Pierson, Maloney & Rayfield, of Princeton (Matthew A. Maloney, of counsel), for appellee.

JUSTICE GORMAN delivered the opinion of the court:

In this dissolution action, appellant was awarded rehabilitative maintenance for a period of one year. The maintenance would automatically terminate at that time unless she petitioned the court for an extension. On appeal, she argues that the award should not automatically terminate, but instead should be reviewed. We agree and reverse.

Luanne and Jerome Sisul were married in 1967. Jerome petitioned for dissolution in 1987. The couple had four children, two of whom are still minors. The only issue contested on appeal is maintenance.

The evidence shows that one month after the parties were married, Luanne was seriously injured in an automobile accident. As a result, she sustained permanent injuries, including frequent headaches, vision problems, impaired memory, the need for greater than

average sleep and partial paralysis of the left side of her body. Luanne does hold a degree in teaching but did not work during the marriage. She is not presently under a doctor's care nor has she been for several years. Her physician has informed her that her condition is permanent and will not improve.

After the parties separated, Luanne did some substitute teaching and worked for a few weeks at a nursing home. At the time of the maintenance hearing, Luanne was employed as a telemarketer, soliciting magazine subscriptions over the phone. Jerome is an attorney with the Attorney General's office in Chicago.

At the hearing, the trial court stated that Luanne should receive $500 per month as periodic, rehabilitative maintenance for one year. The judge stated that the award would be reviewed on June 24, 1992, which was one year after the hearing.

When the judgment for dissolution was drafted, it stated that maintenance would automatically terminate unless Luanne petitioned for extension before the end of the year. Luanne filed written objections to that provision as well as to certain others. The trial court granted some of Luanne's objections by interlineation, but denied that objection.

Luanne appeals, claiming that the maintenance award should not automatically terminate, but instead should merely be reviewable.

Section 504(b) of the Illinois Marriage and Dissolution of Marriage Act (the Act) grants the circuit court the authority to make maintenance awards of limited duration. (Ill. Rev. Stat. 1991, ch. 40, par. 504(b).) The circuit court's decision on the matter will not be overturned on appeal unless the court's findings and conclusions were against the manifest weight of the evidence, thus showing an abuse of discretion. *In re Marriage of Courtright* (1989), 185 Ill. App. 3d 74, 540 N.E.2d 1027.

The Act delineates several factors that the court must consider when determining the amount and duration of maintenance awards. Among these are the time necessary to acquire sufficient education or training to enable the party seeking maintenance to find appropriate employment, and the age and physical and emotional condition of both parties. Ill. Rev. Stat. 1991, ch. 40, par. 504(b).

One objective of the Act is to encourage a formerly dependent spouse to become financially independent in the future, if possible. (*In re Marriage of Wilder* (1983), 122 Ill. App. 3d 338, 461 N.E.2d 447.) However, the trial court should bear in mind that financial independence does not mean the ability to merely meet one's minimum requirements, but entails the ability to earn an income which will pro-

vide a standard of living similar to that enjoyed during the marriage. *Courtright*, 185 Ill. App. 3d at 77, 540 N.E.2d at 1029; *In re Marriage of Ingrassia* (1986), 140 Ill. App. 3d 826, 489 N.E.2d 386.

An award of maintenance must be made on the basis of the circumstances disclosed by the evidence at the time of the hearing. (*In re Marriage of Hellwig* (1981), 100 Ill. App. 3d 452, 426 N.E.2d 1087.) The trial court must not engage in speculation as to the future condition of the parties. *In re Marriage of Hart* (1989), 181 Ill. App. 3d 1066, 537 N.E.2d 829.

The evidence at the hearing revealed that Luanne suffers from severe, permanent injuries. Luanne does hold a valid teaching certificate. At the time of the hearing, she was 45 years old and had not worked outside the home since before their marriage in 1967. Luanne has not driven an automobile since her accident and is dependent on other people to provide her with transportation. Since the parties separated, Luanne has made some efforts to find employment, but by the time of the hearing had not obtained a job which would provide her with an income sufficient to provide a standard of living similar to that enjoyed in the marriage.

There is nothing in the record to support the assumption that she will be self-sufficient within one year after the dissolution. Under the circumstances, we find that the most appropriate solution is for the trial court to retain jurisdiction so that it can reevaluate the relevant circumstances of the parties and make such modifications in the award of maintenance as may be appropriate in the future. Time-limited maintenance which is reviewable at a certain date in the future has been widely accepted by Illinois courts as a logical, practical and fair way to handle maintenance awards. See, *e.g., In re Marriage of Teauseau* (1989), 185 Ill. App. 3d 22, 540 N.E.2d 820; *Hart*, 181 Ill. App. 3d at 1069, 537 N.E.2d at 831.

Accordingly, we reverse that part of the trial court's judgment which provides that the maintenance shall automatically terminate in June 1992. We remand the cause for the limited purpose of allowing the trial court to review the maintenance award in light of our findings in this opinion. The remainder of the trial court's judgment is affirmed.

Affirmed in part; reversed in part and remanded.

STOUDER and HAASE, JJ., concur.