Argued and submitted September 10, remanded for entry of modified judgment on appeal; affirmed on cross-appeal December 8, 1993, reconsideration denied January 26, petition for review denied March 1, 1994 (318 Or 458)

In the Matter of the Marriage of

David G. RANDLE,
*Respondent - Cross-Appellant,*
*and*

Ann G. RANDLE,
*Appellant - Cross-Respondent.*

(90-DO-0023-33; CA A78251)

865 P2d 401

Greg O'Neill argued the cause and filed the briefs for appellant - cross-respondent.

J. Michael Alexander argued the cause for respondent - cross-appellant. With him on the brief were Burt, Swanson, Lathen, Alexander & McCann and Edward Sites.

Before Warren, Presiding Judge, and Edmonds and Landau, Judges.

EDMONDS, J.

## EDMONDS, J.

Wife appeals and husband cross-appeals from a dissolution judgment. Wife assigns error to the property distribution. Husband assigns error to the award of spousal support. On *de novo* review, ORS 19.125(3), we modify the judgment.

The parties were married in 1963. They separated in November, 1989, and husband filed a petition for dissolution of their marriage in April, 1990. The trial was held in August, 1991.[1] Both parties are 51 years old. At the time of the trial, husband, who has a masters degree, earned $3,161 per month from teaching, coaching and other seasonal employment. Wife earned $924 per month as a secretary and from other seasonal work. After the parties separated but before the dissolution, husband's father died. Husband's interest as a beneficiary of a trust created by his father is valued at approximately $314,040.

The trial court found in its letter opinion that, although wife was an object of husband's father's donative intent,

> "it is obvious to the Court that neither [husband] nor [wife] contributed to the accumulation of the assets by [husband's] parents. Therefore, the Court believes that [husband] has rebutted the presumption of equal contribution in that neither himself [*sic*] nor [wife] contributed to the accumulation of these assets by [husband's father]."

The court then determined that the net value of the marital estate was $349,729, excluding husband's inheritance. Husband's Public Employes Retirement System (PERS) account, valued at $260,350, was the major asset. The court awarded husband net marital assets totaling $263,529, including his entire PERS account. It awarded wife net marital assets totaling $86,200, including wife's PERS account, and ordered

---

[1] A supplementary hearing was held in August, 1992. The court was asked to consider, among other matters, changes in the parties' income since the date of trial. The court declined that request, stating that "the Court has to draw a line at some point as to where the Court considers the Parties' assets." The court then relied on evidence of the parties' income from the August, 1991, trial. The parties do not assign that decision as error nor do they contest the values as found by the court. In January, 1993, a final hearing was held concerning the wording of the proposed judgment of dissolution. The dissolution judgment was entered January 12, 1993.

husband to pay wife $88,664 to equalize the property distribution. With the equalization amount added to wife's net marital property award and deducted from husband's net marital property award, the final property distribution was $174,865 to husband and $174,864 to wife. The court also ordered husband to pay to wife indefinite spousal support of $1,119 per month. With her present income, she will have gross disposable income of $2,043 per month.

On appeal, wife assigns error to the court's finding that husband had overcome the presumption of her equal contribution to the acquisition of assets from the estate of husband's father. Wife argues that she should be awarded a share of husband's inheritance to provide for parity when the parties retire. On cross-appeal, husband assigns error to the spousal support award. He argues that both the amount and duration of support are excessive in the light of his stated intention to retire in 1994. Because spousal support and the property division cannot be considered in isolation, we will consider the appeal and the cross-appeal together. *Grove and Grove*, 280 Or 341, 344, 571 P2d 477, *mod* 280 Or 769, 572 P2d 1320 (1977).

■ Gifts and inheritances acquired by either spouse during the marriage are presumed to be "marital assets" subject to division by the court. ORS 107.105(1)(f); *Pierson and Pierson*, 294 Or 117, 121, 653 P2d 1258 (1982). That presumption could be rebutted by a finding that the gift or inheritance was acquired *by the recipient spouse* free from any contribution of the other spouse or that the other spouse was not the object of the donor's intent. *Jenks and Jenks*, 294 Or 236, 241, 656 P2d 286 (1982).

■ When husband's father executed the trust documents in December, 1989, he either knew at that time or within several weeks thereafter that the parties had separated. The beneficiaries of the trust were husband and his brother. Husband's father died after husband had filed the petition for dissolution but before the dissolution was final. If the father had intended for wife to be a recipient of the trust monies, he could have made a separate provision for her. We find that wife was not the object of husband's father's donative intent. In the light of those facts, we find that husband has overcome the presumption of equal contribution.

■ However, a gift or inheritance that is the exclusive property of one party can be considered in the division of the marital estate if it is "just and proper under all the circumstances" to do so. ORS 107.105(1)(f); *Jenks and Jenks, supra*, 294 Or at 242. In particular, the equality of the property division and the entitlement of a party to individually acquired property may be disturbed in order to accomplish a broader social or financial purpose of a dissolution judgment. *Stice and Stice*, 308 Or 316, 779 P2d 1020 (1989); *Pierson and Pierson, supra*, 294 Or at 123. We turn to that issue.

■ Husband testified that it was his intention to retire at age 53, and that he had hoped that wife would be able to retire at the same time. The trial court's award does not accomplish that objective. Its property division gives wife, excluding her PERS account, net assets of $147,945. However, assuming that the parties retire in 1994 as husband plans, and that wife can draw from her PERS account at that time, husband's income would be a net of $2,978 per month, which includes $2,399 from his PERS account, $1,455 from an annuity purchased with a portion of the inheritance and $243 from other seasonal employment, less $1,119 spousal support. In addition to the income that wife would receive from the proceeds of the judgment payable by husband, wife's income would be $1,424 per month, which includes $230 from her PERS account, $75 from other seasonal employment and $1,119 per month spousal support. We conclude that, in the light of the parties' 29-year marriage, the parties should be placed on a more equal basis insofar as their income is concerned when they retire. It is equitable to use part of husband's inheritance to accomplish that objective. Therefore, we modify the property division by increasing the judgment against husband to $125,000. The distribution is as follows:

|  | Husband | Wife |
|---|---|---|
| Personal property | $ 13,179 | $ 14,081 |
| Deduction for couch returned to husband's father's estate |  | [$ 800] |
| Family home (less mortgage on home and adjoining property) |  | $ 46,000 |

| | | |
|---|---|---|
| Marital debt | [$ 10,000] | |
| Wife's PERS | | $ 26,919 |
| Husband's PERS | $260,350 | |
| Judgment for Wife | [$125,000] | $125,000 |
| Subtotal | $138,529 | $211,200 |
| Plus Inheritance | $314,040 | |
| TOTAL | $452,569 | $211,200 |

The trial court ordered husband to pay $75,787 of the judgment from specific assets. With our modification, that leaves $49,214 to be paid. Husband will be required to pay that amount in annual installments including interest at 9% per annum, of not less than $5,000 per year. The first installment will be due 12 months from the date of the amended judgment entered on remand.

■ Moreover, in the light of husband's inheritance, his greater earning capacity, the fact that this was a 29-year marriage, the ages of the parties, and that wife was primarily a homemaker during the marriage, we hold that the trial court did not err in its determination of the amount and duration of spousal support.

On appeal, remanded for entry of modified judgment in accordance with this opinion; affirmed on cross-appeal. Costs to wife.