Argued and submitted February 16, remanded for entry of modified judgment in part; otherwise affirmed September 14, 1994

In the Matter of the Marriage of

Paula Jane LESLIE,
*Respondent,*

*and*

James Russell LESLIE,
*Appellant.*

(91DO0869DS; CA A79068)

881 P2d 159

J. Michael Alexander argued the cause for appellant. With him on the brief was Burt, Swanson, Lathen, Alexander & McCann.

Clayton Patrick argued the cause for respondent. With him on the brief was Patrick & Meadowbrook.

Before Warren, Presiding Judge, and Edmonds and Landau, Judges.

LANDAU, J.

## LANDAU, J.

■ Husband appeals from a judgment of dissolution, challenging the trial court's division of marital property and award of spousal support. We review *de novo*, ORS 19.125(3), and remand for entry of a modified judgment.

At the time of trial, husband was 55 years old, and wife was 46. The parties were married for 17 years. They have one minor child, a 16-year-old son, who is in wife's custody.

When the parties met, husband was a physician in the United States Army, and wife was a nurse specializing in intravenous (IV) therapy. Husband left the military in 1978 and set up a private practice in Roseburg. Throughout the marriage, the parties worked together to build husband's medical practice. For a number of years, the practice earned a net income before taxes in excess of $150,000. However, husband joined the reserves in 1983 and was called to active duty for three months in 1991. During that year, the last year of their marriage, husband's income decreased to about $65,000. Since then, husband has earned approximately $119,000 per year. In addition, he expects to receive about $1,500 per month in retirement income from the military when he turns 60.

Wife earned $30,000 per year as the office manager for husband's practice. She now works part time as a nurse, earning about $16,000 per year. She probably could earn as much as $30,000 to $35,000 per year, if she worked full time, but she prefers to spend time at home until the parties' son graduates from high school. After that, she plans to go back to school to enhance her nursing skills.

The parties accumulated significant assets, including investment accounts, husband's military retirement benefits, the family home and husband's medical practice. Also, two months before the parties separated, husband received an inheritance from his mother, which included cash, stocks and bonds, valued at approximately $250,000.

The trial court included the inheritance as a marital asset. It then awarded husband property worth approximately $500,000, plus his military retirement benefits. It awarded wife property worth approximately $698,000,

including the cash, stocks and bonds inherited from husband's mother. The court declined to award husband an equalizing judgment, because husband has a greater earning capacity and because he will receive the military retirement benefits.

The trial court found husband's income to be $10,000 per month. Although wife has the capacity to earn more if she worked full time, the court found it appropriate for her to remain at home until the parties' son graduates from high school. Therefore, it found wife's income to be $1,347 per month. It awarded her spousal support of $3,000 per month for 10 years and child support of $650 per month.

On appeal, husband argues that the trial court's division of property is inequitable, because it awards wife the bulk of husband's inheritance from his mother. According to husband, we should not consider the inheritance to be a marital asset, because it was received only two months before the parties separated. We disagree.

■■ Property—including an inheritance—acquired during the marriage is presumed to be a marital asset. *Pierson and Pierson*, 294 Or 117, 122-23, 653 P2d 1258 (1982). The presumption may be rebutted by evidence that

> "the inheritance was acquired by the recipient spouse free from any contribution of the other spouse or that the other spouse was not the object of the donor's intent." *Randle and Randle*, 125 Or App 166, 169, 865 P2d 401 (1993), *rev den* 318 Or 458 (1994). (Emphasis and citation omitted.)

In this case, husband relies solely on the fact that the inheritance was received two months before the separation as the basis for his argument that the presumption of equal contribution has been rebutted. By itself, that is insufficient. It remains undisputed that the inheritance was received during the marriage, and husband offers neither evidence nor argument that wife made no contribution towards its receipt or that she was not the object of husband's mother's donative intent.

■ Husband next complains that wife was awarded most of the inherited property, rather than other marital property. However, husband does not argue that the inherited property was personal or unique, so that he might have a sentimental

attachment to it or any sense of moral responsibility for it; it is merely an investment. Under the circumstances, we cannot say that we could distribute the property in a way that would be significantly preferable to the trial court's distribution. Therefore, we will not disturb that part of the judgment. *Pierce and Pierce*, 70 Or App 24, 27, 688 P2d 114 (1984).

Husband finally argues that the trial court should not have awarded wife spousal support, in the light of her education, her earning capacity and the substantial award of income-producing property. Wife argues that the trial court's award of $3,000 per month spousal support for ten years is appropriate, in the light of her need for retraining, her need to stay home to care for the parties' child and the great disparity in earning capacity between the parties.

In setting the amount and duration of spousal support, we attempt to arrive at "such amount of money for such period of time as it may be just and equitable" for husband to pay. ORS 107.105(1)(d). Among the factors we consider are the age and health of the parties, the age and number of dependent children and the earning capacity, employment skills and work experience of each party. ORS 107.105(1)(d); *Christensen and Christensen*, 123 Or App 412, 416, 859 P2d 1192 (1993).

■■ In this case, wife is relatively young and in good health. She is a nurse, capable of earning up to $35,000 per year. She contends that she should be allowed to earn less, so that she may remain at home to care for her child. However, because her child will graduate from high school shortly, her argument against being expected to work on a full-time basis is not persuasive. Her earning capacity does remain less than husband's. However, she was awarded a substantial amount of property, most of which is income-producing. The goal in setting an amount of support is not to equalize the parties' earnings, but rather to arrive at an amount that is reasonable, and will enable wife to enjoy a standard of living that is not "overly disproportionate" to what she enjoyed during the marriage. ORS 107.105(1)(d)(F); *Grove and Grove*, 280 Or 341, 350, 571 P2d 477, *mod* 280 Or 769, 572 P2d 1320 (1977). We conclude that, between her employment and her income-producing properties, wife will be able to enjoy a standard of living that comports with that standard. Wife contends that

she needs at least a brief period of time within which to obtain additional training to improve her earning capacity. She does not, however, offer any evidence that support for a period of ten years is necessary to accomplish that purpose.

Under the circumstances, we conclude that it is just and equitable for husband to pay wife spousal support of $3,000 per month for two years, to permit wife to work only part-time during the balance of her son's high school education, followed by $1,500 per month for two years, to provide the transition wife requests before returning to full-time work.

Because of our decision to modify the spousal support award, on remand, the trial court will need to recalculate child support.

Remanded for entry of modified judgment awarding wife spousal support of $3,000 per month for two years, followed by $1,500 per month for two years, and for recalculation of child support; otherwise affirmed. Costs to husband.