Argued and submitted July 10, remanded in part; otherwise affirmed
September 6, 1995

In the Matter of the Marriage of

Lynne Marie NUNEZ,
*Respondent,*
*and*

Charles A. NUNEZ,
*Appellant.*

(93C-36114; CA A85731)

902 P2d 115

Gordon L. Dick argued the cause for appellant. With him on the brief was Wheeler & Dick.

Darris K. Rowell argued the cause and filed the brief for respondent.

Before Riggs, Presiding Judge, and Landau and Leeson, Judges.

RIGGS, P. J.

## RIGGS, P. J.

Husband appeals from a dissolution judgment, challenging the trial court's award of child support and the property division. We review *de novo*, ORS 19.125(3), and modify the judgment in part.

Because only one of husband's assignments of error requires discussion, an extensive recitation of the facts in this case is not necessary. In its property division, the court distributed the long half of the parties' assets to husband and awarded wife an equalizing judgment of $2,640. Because wife received the liquid assets, there was some concern that husband would not be able to pay the equalizing judgment and his share of the parties' consumer debt, which amounted to $5,596. To rectify the situation, the court ordered wife to loan husband $8,236 to cover his debt ($2,640 + $5,596) and that amount was entered as a judgment in favor of wife, payable over a 10-year period.[1]

Husband argues that the trial court erroneously incorporated a mathematical error when it distributed the parties' assets and liabilities and issued the judgment for wife in the amount of $8,236. Wife concedes that the trial court erred. The parties agree that husband owes wife $1,320 to equalize the property distribution, not $2,640 as the trial court determined. Accordingly, the judgment for wife should be reduced to $6,916. We remand for entry of a modified judgment in the amount of $6,916.

Remanded for entry of modified judgment awarding wife $6,916; otherwise affirmed. No costs to either party.

---

[1] On these facts, this arrangement represents a novel, but appropriate, resolution to alleviate husband's immediate financial needs. We reject husband's claim that the loan fails to disentangle the parties' finances. The loan is a single transaction between the parties that husband can complete at any time by simply repaying the loan. We do not believe that the arrangement ordered here constitutes excessive entanglement. *See Madden and Madden*, 114 Or App 319, 836 P2d 1349 (1992) (excessive entanglement found where husband was to provide annual accounting and pay half of all sums received from corporation to wife). Furthermore, there is no way to distribute the parties' property in a manner that would be "significantly preferable" to the trial court's distribution. *Leslie and Leslie*, 130 Or App 327, 881 P2d 159 (1994).