Argued and submitted July 17, remanded in part; otherwise affirmed
September 6, 1995

# In the Matter of the Marriage of

## John RECHT,
*Appellant,*
*and*

## Patricia RECHT,
*Respondent.*

## (C94 0161 DR; CA A86338)

902 P2d 134

Margaret H. Leek Leiberan argued the cause for appellant. With her on the brief were Leiberan & Gazeley and Randolph J. Stevens.

Ann Morgenstern argued the cause and filed the brief for respondent.

Before Riggs, Presiding Judge, and Landau and Leeson, Judges.

RIGGS, P. J.

## RIGGS, P. J.

Husband appeals from a dissolution judgment and challenges the spousal support award. Husband also contends that the trial court erred when it held that the funds in a homeowner reserve account were not a marital asset to be divided between the parties. On *de novo* review, ORS 19.125(3), we remand for entry of a modified judgment.

At the time of trial, husband was age 48 and wife was age 45. They had been married 26 years and had no children. Both parties worked throughout the marriage. Husband has a degree in electrical engineering and works as an electrical superintendent at a paper company. His net monthly income is $4,025.26. Wife has an associate's degree and works as an administrative assistant at a bank. Her net monthly income is $1,360. Wife testified that she plans to complete her college degree and anticipates that it will take five years, because she will remain employed full-time while she takes classes. Both parties are in good health, although at the time of trial, wife was recovering from a hysterectomy.[1]

The trial court awarded wife the long half of the parties' assets, including the family home. Husband received his retirement accounts and was awarded an equalizing judgment of $22,000, payable within five years. The trial court awarded spousal support to wife as follows:

> "$1,800.00 per month for 48 months, $1,400.00 per month for the next 36 months, $800.00 per month for the next 36 months and $400 per month thereafter for an indefinite period of time."

Husband's first three assignments of error relate to the award of spousal support. Husband argues that the award is excessive in amount and in duration. He claims that the court attempted to simply equalize the parties' incomes and that an award of indefinite support is inappropriate in the light of wife's work experience and earning capacity.

■     In setting the appropriate amount of spousal support, we are to award "such amount of money for such period of time as it may be just and equitable for the other party to

---

[1] There is no indication from the record that wife's condition will have any negative long-term effect on her employment opportunities.

contribute." ORS 107.105(1)(d). We consider such factors as the length of the marriage, the age and health of the parties, their earning capacities, the need for education to enable the parties to pursue career objectives to become self-supporting and the standard of living established during the marriage. ORS 107.105(1)(d)(A)-(M). Support need not be awarded so as to equalize the parties' incomes, *Graf and Graf*, 97 Or App 425, 428, 776 P2d 46 (1989), but it should allow each party "to achieve an economic standard of living not overly disproportionate to that enjoyed during the marriage, to the extent that is possible." ORS 107.105(1)(d)(M); *Leslie and Leslie*, 130 Or App 327, 331, 881 P2d 159 (1994).

■  Although wife worked throughout the marriage, and did not suffer an extended absence from the job market, her employment consisted primarily of temporary secretarial work, or "Kelly jobs."[2] In her current position as an administrative assistant, wife is not capable of self-support at a level "not overly disproportionate" to that enjoyed during the marriage. Both parties agree that wife could increase her earning capacity by completing her college degree. To that end, the circumstances of this case warrant an initial support amount that will enable wife to complete her education and training over a reasonable period of time. We conclude that $1,200 per month is sufficient for that purpose. ORS 107.105(1)(d)(E); *Leslie*, 130 Or App at 332.

■  Furthermore, we find that an award of indefinite support is appropriate in this case. In the light of husband's specialized education and long work history in electrical engineering, it is apparent that even with additional education, wife's income will never approach that of husband's. The discrepancy between their incomes and potential standard of living is significant and likely to be permanent. That disparity is, in large part, a result of the parties' decision that wife's career would be subordinate to husband's. Those considerations, along with the length of the marriage and the fact that wife has no long-term financial security, such as retirement accounts, justify an award of indefinite spousal support. *Grove and Grove*, 280 Or 341, 571 P2d 477, *mod* 280 Or 769, 572 P2d 1320 (1977).

---

[2] Wife did not obtain full-time employment until after the parties separated.

On these facts, we conclude that spousal support in the amount of $1,200 per month for 72 months is appropriate. That amount is sufficient to allow wife to complete her college degree and to obtain further job training so that she can improve her earning capacity. Thereafter, an award of $400 per month indefinitely is just and equitable in the light of the parties' respective long-term financial positions.

Husband's final assignment of error does not require extensive discussion. We agree with the trial court's decision to exclude the parties' homeowner reserve account from their marital assets.

Remanded for entry of modified judgment awarding wife spousal support of $1,200 per month for 72 months, commencing on the date of trial court judgment and, thereafter, $400 per month indefinitely; otherwise affirmed. No costs to either party.