Argued and submitted September 17, remanded in part; otherwise affirmed
November 13, 1996

In the Matter of the Marriage of

John J. THIELE,
*Respondent,*
*and*

Sandra A. THIELE,
*Appellant.*

(94-30558; CA A90459)

927 P2d 119

Gilbert B. Feibleman argued the cause for appellant. With him on the brief was Feibleman & Associates, P.C.

Thomas E. Elliott argued the cause for respondent. With him on the brief were Raymond M. Cihak and Evashevski & Elliott, P.C.

Before Warren, Presiding Judge, and Edmonds and Armstrong, Judges.

EDMONDS, J.

## EDMONDS, J.

Wife appeals from a judgment of dissolution awarding her $300 per month spousal support for 36 months. She contends that she should receive $750 per month for three years and $500 per month thereafter indefinitely. Wife also assigns error to the trial court's order that awarded her $15,000 to equalize the property division but postponed the entry of judgment in that amount for at least one year.

Husband, age 44, earns approximately $5,000 per month from his cabinet making business. Wife, age 47, holds a bachelor's degree in biology (acquired before the marriage) and a master's degree in geography. During their 22-year marriage, wife has worked almost continuously since 1987 for the same firm as a biogeographer. She earns $2,700 per month and has health, dental and retirement benefits through her employer. Both parties are in good health. In the property distribution, wife received substantial liquid assets and the family home, which has a large equity.

■■ The most significant factor in awarding indefinite spousal support is whether a spouse has income not overly disproportionate to the standard of living enjoyed during the marriage. *Grove and Grove*, 280 Or 341, 347, 571 P2d 477 (1977). However, disparity between the husband's and the wife's incomes is not alone a reason to continue spousal support indefinitely. *Christensen and Christensen*, 123 Or App 412, 417, 859 P2d 1192 (1993). On *de novo* review, we find that wife has not foregone employment opportunities, sustained diminishment of earning capacity or experienced extended absence from the job market as a result of the marriage. Moreover, there is no persuasive evidence that the disparity in earning potential is the result of a decision to make wife's career subordinate to husband's business. *See Recht and Recht*, 136 Or App 324, 902 P2d 134 (1995) (holding that a disparity between incomes and standard of living because of the parties' decision that the wife's career would be subordinate to the husband's, along with other circumstances, justified an award of indefinite support). We conclude that the

spousal support award for three years is just and equitable and that additional support is not warranted. ORS 107.105(1)(d).

■    The trial court's judgment was entered on September 8, 1995. The purpose of abating the entry of judgment for the award to wife of $15,000 was to afford husband an opportunity for a period of one year to sell some real property unencumbered by a judgment lien. We discern no reason from the record as to why husband should be afforded a longer period than has already expired. Accordingly, we remand for entry of a judgment in the amount of the unpaid balance in the event that husband has not paid what is owed.[1]

Wife's other arguments do not require discussion.

Remanded for entry of judgment reflecting the unpaid balance, if any, owed under the trial court's equalizing award; otherwise affirmed. Costs to wife.

---

[1] The trial court judgment provides for interest on the principal amount and for installment payments over a period of three years. This opinion does not modify those orders.