NO. 4-04-0003

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

In re: the Marriage of ) Appeal from

JERRY D. ROGERS, ) Circuit Court of

Petitioner-Appellant, ) Woodford County

and ) No. 02D122

SHARON M. ROGERS, )

Respondent-Appellee. ) Honorable

) John B. Huschen,

) Judge Presiding.

_________________________________________________________________

JUSTICE COOK delivered the opinion of the court:

In October 2003, petitioner, Jerry D. Rogers, and respondent, Sharon M. Rogers, were granted a legal separation after 36 years of marriage.  Jerry appeals the trial court's order that he pay maintenance in the amount of $900 per month, which is in addition to the award to Sharon of one-half of Jerry's pension, or $651 per month.  We affirm.

In November 2002, Jerry, then 59 years old, filed for divorce.  Sharon, then 55 years old, filed a counterpetition for legal separation (750 ILCS 5/402 (West 2002)).  See 1 H. Gitlin, Gitlin on Divorce §7-1 (3d ed. 2004).  In March 2003, the parties agreed to let the matter proceed as a legal separation rather than a dissolution.  The parties agreed upon most aspects of the separation, including the sale of the marital home and division of the proceeds and payment of one-half of Jerry's monthly pension benefit to Sharon, and the matter proceeded to trial on the remaining contested issues.

Sharon's financial affidavit listed social security disability income of $216 per month as her only income.  It is not clear from the record whether this was a spouse's award or for her own disability.  She claimed $2,052 in monthly expenses.  At trial, Sharon testified that she worked for 24 years cleaning houses but her present physical condition does not allow her to work in that capacity.  She testified that she has a 10-pound weight restriction and swelling in her arm due to having lymph nodes removed.  She also cited previous health problems, including melanoma, which required three surgeries in 1991; breast cancer in 2001, which required surgery, chemotherapy, and radiation; cataracts; and bone-density problems.  Sharon testified that while she knew how to read and write and possessed basic math skills, she did not think her physical condition would allow her to work.  She testified that she could possibly work part-time but that it would be difficult.  Sharon also testified that she was expecting an inheritance shortly in the amount of $12,000 to $14,000, as her mother's estate was to be divided.

Jerry's financial affidavit listed income of $1,278 per month from his Caterpillar pension, social security disability in the amount of $1,321 per month, and a disabled veterans' benefit of $680 per month.  He claimed $2,348 in monthly expenses.  At trial, Jerry testified that he was 100% disabled because of a number of chronic health problems, including diabetes, hypertension, and arthritis of the spine.  He was also undergoing treatment for prostate cancer, which required surgery and radiation treatment.  Jerry testifed that he had made about $3,000 selling guns at flea markets but had not sold any since the separation because he only had one gun left.

Since they separated, Jerry resided in the marital home, which had no debt, while Sharon resided in her late mother's house and paid $500 rent per month to her mother's estate.  Sharon's brother had also lived in the house with Sharon for a little while and had paid a total of $500 toward Sharon's rent payments.

Sharon filed a statement of issues, requesting an award of permanent maintenance, without stating an amount, over and above the agreed $651 one-half share of Jerry's pension.  Jerry in response recommended a payment of $361 per month for six months, over and above the pension share.  The trial court found that (1) each party's income, property, and future earning capacity were minimal and (2) the parties' needs were minimal.  The court specifically noted the length of the marriage (36 years) and the ages of the parties and awarded permanent maintenance of $900 a month in addition to the $651 one-half share of the pension received by Sharon.

When Jerry asked the trial court to reconsider, the court observed that it made an approximately even division of the parties' available income, which was appropriate and fair based on the length of the marriage.  The court stated that neither party had a realistic chance of securing substantial employment and that the income potential of Sharon's expected inheritance of $10,000 or so was insignificant.

On appeal, Jerry argues that the trial court (1) lacked jurisdiction to order a division of the husband's social security benefits and (2) abused its discretion in awarding the maintenance in the amount of $900 per month in addition to the $651 one-half share of the pension.  We affirm.

Jerry first argues that the trial court's maintenance award in the amount of $900 per month was an improper award or division of his social security benefits.  Social security benefits may not be divided directly or used as a basis for an offset during state dissolution proceedings.  
In re Marriage of Crook
, 211 Ill. 2d 437, 444, 451, 813 N.E.2d 198, 201, 205 (2004), citing 
Hisquierdo v. Hisquierdo
, 439 U.S. 572, 59 L. Ed. 2d 1, 99 S. Ct. 802 (1979) (a case involving federal railroad retirement benefits).  Congress has specifically provided for division of social security benefits where a husband and wife seek divorce.  
Crook
, 211 Ill. 2d at 443, 813 N.E.2d at 201.  Certainly a state court's division of social security benefits could never be enforced against the Social Security Administration.  Section 407(a) of the Social Security Act prohibits a beneficiary from transferring or assigning his or her benefits to another and imposes a broad bar against the use of any legal process to reach social security benefits.  42 U.S.C. §407(a) (2000); 
Crook
, 211 Ill. 2d at 443, 813 N.E.2d 201.  It is interesting, however, that Congress has carved out a narrow exception to this rule to allow the collection of past-due child support or alimony (maintenance).  42 U.S.C. §659(a) (2000); 
Crook
, 211 Ill. 2d at 444, 813 N.E.2d at 201.  A trial court dividing assets in a marital-dissolution proceeding should simply not give any consideration to federal social security benefits; those benefits have already been divided by Congress.

The calculation of a maintenance award is another matter.  None of the cases Jerry cites involve the award of maintenance, only the division of property.  
Crook
 commented on the fact that because Congress reserved the authority to amend or repeal provisions of the Social Security Act, the United States Supreme Court has held that social security beneficiaries have a "noncontractual interest" in social security benefits and that those benefits are not to be considered as an accrued property right.  
Crook
, 211 Ill. 2d at 442, 813 N.E.2d at 200.  A similar statute, the Railroad Retirement Act of 1974 (45 U.S.C. §231 (2000)) provides that payments are not to be anticipated.  The prohibition against anticipation preserves congressional freedom to amend the Social Security Act and prevents increased harm against a beneficiary whose payments are reduced after he has already been ordered to make a property division based on those payments.  
Crook
, 211 Ill. 2d at 448, 813 N.E.2d at 203-04, citing 
Hisquierdo
, 439 U.S. at 588-90, 59 L. Ed. 2d at 15-16, 99 S. Ct. at 811-12.  An award of maintenance, which is modifiable, does not raise those concerns.  The trial court fashions an award of maintenance on the basis of the circumstances disclosed by the evidence at the time of hearing.  
In re Marriage of Sisul
, 234 Ill. App. 3d 1038, 1040, 600 N.E.2d 86, 88 (1992).  We see no reason for a court to ignore the circumstance that one party is 
currently
 receiving a social security benefit of $1,321 per month while the other is receiving $216 per month.                     

Jerry next argues that the trial court abused its discretion in determining the maintenance award.  The trial court is allowed broad discretion to determine the propriety, amount, and duration of maintenance, and its judgment will not be overturned absent an abuse of discretion.  
In re Marriage of Shinn
, 313 Ill. App. 3d 317, 321-22, 729 N.E.2d 546, 550 (2000).  When determining the amount and duration of maintenance, the trial court must balance the ability of the spouse to support himself in some approximation to the standard of living he enjoyed during the marriage.  
Shinn
, 313 Ill. App. 3d at 322, 729 N.E.2d at 550.  Essentially, the trial court's job is to determine whether one party needs maintenance and, if so, whether the other party has the ability to pay.  
Shinn
, 313 Ill. App. 3d at 322, 729 N.E.2d at 550.

Jerry argues that the trial court improperly awarded maintenance designed to equalize the parties' incomes, citing a number of out-of-state cases.  See 
Stone v. Stone
, 200 W. Va. 15, 19, 488 S.E.2d 15, 19 (1997); 
Claborn v. Claborn
, 267 Neb. 201, 208, 673 N.W.2d 533, 540 (2004); 
In re Marriage of Leslie
, 130 Or. App. 327, 331, 881 P.2d 159, 162 (1994).  Neither the Illinois Marriage and Dissolution of Marriage Act (Dissolution Act) (750 ILCS 5/504 (West 2002)) nor Illinois case law requires the equalization of incomes.  
In re Marriage of Reynard
, 344 Ill. App. 3d 785, 791, 801 N.E.2d 591, 596 (2003); 
cf.
 
In re Marriage of Selinger
, 351 Ill. App. 3d 611, 814 N.E.2d 152 (2004).  Nevertheless, equalization of the parties' incomes may be appropriate in some cases.  
Reynard
, 344 Ill. App. 3d at 792, 801 N.E.2d at 596. In its written order, the court noted that both the income and property of both parties were minimal, as were the future earnings capacities of both parties due to disabilities.  The court noted that this was a 36-year marriage, with Jerry being 60 years of age and Sharon being 56 years of age.  These are all relevant factors for the court to consider under section 504(a) of the Dissolution Act (750 ILCS 5/504(a) (2002)) in determining an award of maintenance.  Jerry argues that the court did not consider Sharon's ability to work and support herself.  This is contradicted by the record.  The court specifically found that any employment that could be gained by Sharon would be nominal.  The total amount of the award conforms with the goal of helping Sharon meet her needs.

For the foregoing reasons, we affirm the trial court's judgment.

Affirmed.

TURNER and MYERSCOUGH, JJ., concur.